UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFONSO MARTEL, individually, and on behalf of all others similarly situated, <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC, <br><br>　　　　　　Defendant. | Case No. 1:22-cv-00364 |

## NOTICE OF REMOVAL

Rushmore Loan Management Services LLC ("Rushmore"), hereby removes this action from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and states as follows:

### THE STATE COURT ACTION

1. Plaintiff, Alfonso Martel, initiated this case by filing a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, designated as Case No. 2021CH06227 (the "State Court Action").

2. The Complaint purports to assert a claim against Rushmore under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (*Id.* ¶¶ 1-5 & 57-67).

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

3. Plaintiff served a Summons and Complaint on Rushmore on December 23, 2021. Removal is timely because Rushmore filed this notice within 30 days of being first served with a copy of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal deadline is triggered by formal service of process).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Illinois, Eastern Division is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois.

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Rushmore in the State Court Action are attached hereto as **Exhibit 1** (Summons and Complaint).

6. There are no other Defendants besides Rushmore, and thus the consent of other defendants is not required. 28 U.S.C. § 1446(b)(2)(A).

## SUBJECT MATTER JURISDICTION EXISTS

7. The State Court Action is a civil action within this Court's original jurisdiction under 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. The State Court Action is thus within the Court's original jurisdiction and is properly removable to this Court because Plaintiff's single-count Complaint under the FDCPA arises under the laws of the United States. *See Liu v. Radius Glob. Sols., LLC*, No. 21 C 2895, 2021 WL 4167585, at *1 (N.D. Ill. Sept. 14, 2021) (FDCPA claim properly removed under federal question jurisdiction); *Keller v. Northstar Location Servs.*, No. 21-CV-3389, 2021 WL 3709183, at *2 (N.D. Ill. Aug. 20, 2021) (same).

10. It follows that federal question jurisdiction exists over the State Court Action.

**ALL ADDITIONAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

11. Rushmore will promptly file a copy of this notice of removal with the Circuit Court of Cook County, Illinois, County Department, Chancery Division where the State Court Action is currently pending, and will provide all parties with written notice of the filing of this notice of removal, as required by 28 U.S.C. § 1446(d).

12. Rushmore has paid all fees required for this removal.

13. All other requirements for removal and for federal jurisdiction have been satisfied.

14. By filing this notice of removal and the associated attachments, Rushmore does not waive any objections it may have regarding service, personal jurisdiction, failure to state a claim, or any other claims, defenses, or objections available to it in this action.

15. Furthermore, Rushmore intends no admission of fact, law, or liability by this notice and expressly reserves all defenses, motions, and pleas.

16. If any questions arise as to the adequacy or propriety of the removal of this action, Rushmore requests the opportunity to supplement this notice with additional evidence and/or to brief any disputed issues and present oral argument in support of this removal.

WHEREFORE, Rushmore prays that the Court exercise jurisdiction over this action as allowed by law and for such other and further relief as the Court deems just and necessary. Rushmore is removing subject to, and without waiving any defense or objection it may have to venue or the Court's ability to exercise personal jurisdiction over it.

| | |
|---|---|
| DATED: January 21, 2022 | **RUSHMORE LOAN MANAGEMENT SERVICES LLC** |
| | By:   /s/Carlos Marin<br>      One of its attorneys |

Simon Fleischmann (6274929)
*sfleischmann@lockelord.com*
Carlos Marin (6326103)
*carlos.marin@lockelord.com*
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312-443-0700

**CERTIFICATE OF SERVICE**

     I, Carlos Marin, an attorney, certify that the foregoing was served upon all parties entitled to notice via the Court's CM/ECF. I further certify that I caused the foregoing to be served upon those persons or entities identified below by electronic mail and by United States Mail on January 21, 2022 to the addresses below.

Joseph S. Davidson
Law Offices of Joseph P. Doyle LLC
105 S. Roselle Road, Suite 203
Schaumburg, IL 60193
*jdavidson@fightbills.com*

Arthur C. Czaja
Law Office of Arthur C. Czaja
7521 N. Milwaukee Avenue
Niles, IL 60714
*arthur@czajalawoffices.com*

Rusty A. Payton
Payton Legal Group LLC
4422 N. Ravenswood Avenue
Chicago, IL 60640
*info@payton.legal*

                                                                    /s/ Carlos Marin