# EXHIBIT 1

Hearing Date: 4/14/2022 10:30 AM
Location: Court Room 2102
Judge: Atkins, David B.

**12-Person Jury**

FILED
12/14/2021 5:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06227
Calendar, 16
15956198

FILED DATE: 12/14/2021 5:17 PM 2021CH06227

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

ALFONSO MARTEL, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

RUSHMORE LOAN MANAGEMENT SERVICES LLC,

    Defendants.

Case No. 2021CH06227

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, ALFONSO MARTEL, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of Defendant, RUSHMORE LOAN MANAGEMENT SERVICES LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e).

3. The Act regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects … debts owed or due or asserted to be owed or due another." §§ 1692a(5), (6).

Page 1 of 16

4. Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating with consumers at an "unusual time or place" likely to be inconvenient to the consumer, § 1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1), (2). *See generally* §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131 L. ed. 2d 395 (1995).

5. The Act is enforced through administrative actions and private lawsuits. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577, 130 S. Ct. 1605 (2010).

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction pursuant to 735 ILCS 5/2-209.

7. Venue is proper pursuant to 735 ILCS 5/2-101.

## PARTIES

8. ALFONSO MARTEL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 4710 North Ashland Avenue, Chicago, Illinois 60640-3407.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. RUSHMORE LOAN MANAGEMENT SERVICES LLC, ("Defendant") is a limited liability company organized and existing under the laws of the state of Delaware.

11. Defendant maintains a principal place of business at 1755 Wittington Place, Suite 400, Dallas, Texas 75234.

12. Defendant is a servicer of residential loans throughout the United States.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

15. On September 8, 2010, Plaintiff executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Chicago Bancorp, Inc. (the "Mortgage").

16. The Mortgage secured the purchase of Plaintiff's personal residence located at 4710 North Ashland Avenue, Chicago, Illinois 60640-3407 (the "Property").

17. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note (the "Note") in the amount of $403,000.00 (the "Loan").

18. The Note provides that "I will pay principal and interest by making a payment every month."

19. The Note further provides that "[i]f the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest."

20. On or before February 11, 2024, the Loan was assigned, sold, or transferred to Wells Fargo Bank, N.A.

21. Plaintiff defaulted on the Loan by failing to make monthly payments.

22. Wells Fargo Home Mortgage mailed Plaintiff written correspondence, dated September 8, 2017, informing Plaintiff that "[e]ffective October 1, 2017, the servicing of [Plaintiff's] mortgage loan [was] being transferred to [Defendant]."

23. On or before October 2, 2017, the Loan was assigned, sold, or transferred to U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT.

24. On August 6, 2018, U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT initiated mortgage foreclosure proceedings against the Property.

25. By this time, all the payments owing under Plaintiff's Loan were accelerated.[1]

26. Once Plaintiff's Loan was accelerated, the Plaintiff's entire Loan balance was due; in other words, no further monthly payments became due.

27. Defendant was therefore not required to incur administrative expenses in handling late payments.

28. Defendant mailed Plaintiff a Mortgage Statement, dated May 11, 2021, providing, in part:

| Statement Date | 05/11/2021 |
|---|---|
| Account Number: | [REDACTED] |
| Payment Due Date: | 06/01/2021 |
| Payments received after the statement date are not reflected. | |
| Reinstatement Amount Due | $110,667.23 |
| If payment is received after 06/16/2021, a $61.71 late fee will be charged. | |

\*\*\*

| Explanation of Amount Due | |
|---|---|
| Overdue Payments | $99,495.63 |
| Total Fees and Charges | $2,159.87 |
| Recoverable Advances | $9,011.73 |
| Reinstatement Amount Due | $110,667.23 |
| Reinstatement Amount As Of | 05/11/2021 |

---

[1] A notice of acceleration is a condition precedent to foreclosure under Illinois Mortgage Foreclosure Law. *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16, 389 Ill. Dec. 405, 26 N.E.3d 495 ("If CitiMortgage had not sent an acceleration notice, it would not be entitled to foreclose," therefore not satisfying "a condition precedent to its right to bring suit.").

| Partial Payment (Unapplied) | $0.00 |
|---|---|
| **Acceleration Amount** | **$511,157.75** |
| Acceleration Amount As Of | 05/11/2021 |

\*\*\*

| Transaction Activity (11/01/2020 – 05/11/2021) ||||
|---|---|---|---|---|
| Date | Description | Escrow | Fees | Other |
| 11/17 | LATE CHARGE ASSESS | | -61.71 | |
| 11/30 | VALUE/HOA INSP COST | | | -1.50 |
| 11/30 | VALUE/HOA INSP COST | | | -15.00 |
| 12/16 | LATE CHARGE ASSESS | | -61.71 | |
| 12/31 | LOSS MIT FEE/COST | | | -225.00 |
| 01/04 | VALUE/HOA INSP COST | | | -15.00 |
| 01/04 | VALUE/HOA INSP COST | | | -1.50 |
| 01/19 | LATE CHARGE ASSESS | | -61.71 | |
| 01/29 | VALUE/HOA INSP COST | | | -1.50 |
| 01/29 | VALUE/HOA INSP COST | | | -15.00 |
| 02/08 | HAZARD INS | -2,166.00 | | |
| 02/08 | ESCROW ADVANCE | 2,166.00 | | |
| 02/11 | COUNTY/PARISH | -6,038.11 | | |
| 02/11 | ESCROW ADVANCE | 6,038.11 | | |
| 02/16 | LATE CHARGE ASSESS | | -56.98 | |
| 02/17 | LATE CHARGE WAIVED | | 56.98 | |
| 03/02 | VALUE/HOA INSP COST | | | -15.00 |
| 03/02 | VALUE/HOA INSP COST | | | -1.50 |
| 03/16 | LATE CHARGE ASSESS | | -61.71 | |
| 04/02 | VALUE/HOA INSP COST | | | -15.00 |
| 04/02 | VALUE/HOA INSP COST | | | -1.50 |
| 04/16 | LATE CHARGE ASSESS | | -61.71 | |
| 05/05 | VALUE/HOA INSP COST | | | -15.00 |
| 05/05 | VALUE/HOA INSP COST | | | -1.50 |

29. The Mortgage Statement, dated May 11, 2021, stated that "*If payment is received after 06/16/2021, a $61.71 late fee will be charged.*"

30. A $61.71 late charge was assessed to Plaintiff's Loan on November 17, 2020.

31. A $61.71 late charge was assessed to Plaintiff's Loan on December 16, 2020.

32. A $61.71 late charge was assessed to Plaintiff's Loan on January 19, 2021.

33. A $61.71 late charge was assessed to Plaintiff's Loan on March 16, 2021.

34. A $61.71 late charge was assessed to Plaintiff's Loan on April 16, 2020.

Page 5 of 16

35. The Mortgage Statement, dated May 11, 2021 is a "communication" as defined by 15 U.S.C. § 1692a(2).

36. The Mortgage provides:

> 20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Notice, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.
>
> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant of the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain actions can be taken, that time period will be deemed reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

37. Pursuant to Section 20, Plaintiff, through counsel, Payton Legal Group, mailed written correspondence, dated June 9, 2021, providing, in part:

> **2. Rushmore has improperly charged late fees on the Borrower's loan after the loan was accelerated. This constitutes ongoing errors as set forth in 12 C.F.R. 1024.35(b)(11).**
>
> On August 6, 2018, an action to foreclose the mortgage, naming the Borrower as a Defendant, was initiated in the Circuit Court of Cook County, Illinois. Therefore, the Borrower's loan was accelerated no later than August 6, 2018. Rushmore has improperly charged and continues to charge [late fees] on the Borrower's loan. To date, this constitutes no less than thirty-two (32) distinct errors as set forth in 12 C.F.R. 1024.35(b)(11).

38. Defendant replied in writing, on August 19, 2021, providing, in part:

> As the loan servicer, Rushmore has the right, on behalf of the owner, to collect the loan payment and enforce the owner's rights with respect to the loan, including foreclosure proceedings. The servicing responsibilities for the loan transferred from Wells Fargo Home Mortgage to Rushmore effective October 1, 2017. At the time of acquisition, late charges in the amount of $77.14 and Other Charges in the amount of $1,454.48 were assessed by the prior servicer. Per Section 1 of the Mortgage, the borrower shall pay the principal and interest on the debt evidenced by the Note, and late charges due under the Note. Please note, the late fees assessed to the loan are for tracking/reinstatement purposes; however, only pre-acceleration late charges currently reflecting in the amount of $308.56 will be sought for recovery in the foreclosure.

39. Defendant mailed Plaintiff a Mortgage Statement, dated October 11, 2021, providing, in part:

| Statement Date | 10/11/2021 |
|---|---|
| Account Number: | [REDACTED] |
| Payment Due Date: | 11/01/2021 |
| Payments received after the statement date are not reflected. | |
| Reinstatement Amount Due | $123,814.13 |
| If payment is received after 11/16/2021, a $61.71 late fee will be charged. | |

\*\*\*

| Explanation of Amount Due | |
|---|---|
| Overdue Payments | $112,251.48 |
| Total Fees and Charges | $2,468.42 |
| Recoverable Advances | $9,094.23 |
| Reinstatement Amount Due | $123,814.13 |
| Reinstatement Amount As Of | 10/11/2021 |
| Partial Payment (Unapplied) | $0.00 |
| Acceleration Amount | $525,849.65 |
| Acceleration Amount As Of | 10/11/2021 |

\*\*\*

| Transaction Activity (04/01/2021 – 10/11/2021) | | | | |
|---|---|---|---|---|
| Date | Description | Escrow | Fees | Other |
| 04/02 | VALUE/HOA INSP COST | | | -15.00 |
| 04/02 | VALUE/HOA INSP COST | | | -1.50 |
| 04/16 | LATE CHARGE ASSESS | | -61.71 | |
| 05/05 | VALUE/HOA INSP COST | | | -15.00 |
| 05/05 | VALUE/HOA INSP COST | | | -1.50 |
| 05/17 | LATE CHARGE ASSESS | | -61.71 | |

Page 7 of 16

FILED DATE: 12/14/2021 5:17 PM 2021CH06227

| | | | | |
|---|---|---|---|---|
| 06/01 | VALUE/HOA INSP COST | | | -1.50 |
| 06/01 | VALUE/HOA INSP COST | | | -15.00 |
| 06/16 | LATE CHARGE ASSESS | | -61.71 | |
| 07/06 | VALUE/HOA INSP COST | | | -1.50 |
| 07/06 | VALUE/HOA INSP COST | | | -15.00 |
| 07/16 | LATE CHARGE ASSESS | | -61.71 | |
| 08/05 | VALUE/HOA INSP COST | | | -15.00 |
| 08/05 | VALUE/HOA INSP COST | | | -1.50 |
| 08/16 | LATE CHARGE ASSESS | | -61.71 | |
| 08/31 | VALUE/HOA INSP COST | | | -1.50 |
| 08/31 | VALUE/HOA INSP COST | | | -15.00 |
| 09/14 | COUNTY/PARISH | -7,842.15 | | |
| 09/14 | ESCROW ADVANCE | 7,842.15 | | |
| 09/16 | LATE CHARGE ASSESS | | -61.71 | |
| 09/27 | VALUE/HOA INSP COST | | | -15.00 |
| 09/27 | VALUE/HOA INSP COST | | | -1.50 |

40. The Mortgage Statement, dated October 11, 2021, stated that *If payment is received after 11/16/2021, a $61.71 late fee will be charged."*

41. A $61.71 late charge was assessed to Plaintiff's Loan on May 17, 2021.

42. A $61.71 late charge was assessed to Plaintiff's Loan on June 16, 2021.

43. A $61.71 late charge was assessed to Plaintiff's Loan on July 16, 2021.

44. A $61.71 late charge was assessed to Plaintiff's Loan on August 16, 2021.

45. A $61.71 late charge was assessed to Plaintiff's Loan on September 16, 2021.

46. The Mortgage Statement, dated October 11, 2021 is a "communication" as defined by 15 U.S.C. § 1692a(2).

47. Despite notice, Defendant did not take corrective action.

48. In fact, Defendant continued to assess late charges to Plaintiff's Loan as reflected in Plaintiff's reinstatement amount due and acceleration amount due.

49. At no time was the Loan reinstated or attempted to be reinstated by Plaintiff.

## DAMAGES

49. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

50. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

51. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

52. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation. But being misled in violation of an anti-trickery statute like the FDCPA causes harm, nevertheless.

53. Defendant's Mortgage Statements deceived Plaintiff into believing that Defendant is entitled to late fees post-acceleration.

54. Defendant's Mortgage Statements deceived Plaintiff into believing that Plaintiff's Loan balance is subject to increase because of monthly late fees.

55. Defendant's unlawful mortgage servicing practices have resulted in hundreds of dollars in unlawful late fees assessed the Plaintiff's Loan.

FILED DATE: 12/14/2021 5:17 PM 2021CH06227

56. Concerned with having had his rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to seek recovery for the claims alleged, *infra*.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*)

57. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

58. If late charges are tied to overdue monthly payments, the absence of any monthly payment obligation after acceleration precludes the imposition of late charges for that period. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003) (citing sixteen cases for the proposition that "a lender cannot demand payment of late fees for failure to make monthly payments after the loan has been accelerated.")

59. While the promissory note provides for late fees when a monthly payment has not been made within 15 calendar days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

60. In other words, once Plaintiff's Loan was accelerated, Plaintiff's right and obligation to make monthly payments ceased and no payment due could be considered "late."

### Violation of 15 U.S.C. § 1692e

61. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt.

Page 10 of 16

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

62. Defendant's statement that "*If payment is received after 11/16/2021, a $61.71 late fee will be charged*" is false, deceptive, or misleading as it creates the false impression that Plaintiff is subject to late charges; therefore, violating 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

63. At the time Defendant sent the Mortgage Statement, dated October 11, 2021, to Plaintiff, the Loan had been accelerated.

64. Because the Loan had been accelerated, Defendant was no longer able to charge late charges on the monthly payments Plaintiff owed.

**Violation of 15 U.S.C. § 1692f**

65. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

66. Defendant violated 15 U.S.C. § 1692f(1) by assessing in late charges to Plaintiff's Loan after acceleration and without reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and without reinstatement precludes the imposition of late charges for that period.

67. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides

Page 11 of 16

"any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of—

>   (1)  any actual damage sustained by such person as a result of such failure;
>
>   (2)
>
>   >   (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>   >
>   >   (B)  in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
>   (3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, request the following relief:

>   A.  an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of 735 ILCS 5/2-801 *et seq*;
>
>   B.  a finding that Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f(1);
>
>   C.  an order enjoining Defendant from further violation(s) of 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f(1);
>
>   D.  an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H. such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

68. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

69. Plaintiff brings this action pursuant to 735 ILCS 5/2-801, individually, and on behalf of all others similarly situated (the "Putative Classes").

70. The Putative Classes are defined as follows:

### Assessed Subclass

*All persons within the State of Illinois to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) were assessed late charges after payment was not received within fifteen calendar days after the payment was due; (c) where the amount sought represented an acceleration of indebtedness; and (d) where the borrower(s) did not invoke their right under the mortgage to reinstate.*

### Threatened Subclass

*All persons within the State of Illinois to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) received the same or a substantially similar Mortgage Statement as the Mortgage Statements referenced supra; (c) providing "[i]f payment is received after [fifteen calendar days after the payment is due], a [...] late fee will be charged"; (d) where the amount sought represents an acceleration of indebtedness; and (e) where the borrower(s) did not invoke their right under the mortgage to reinstate.*

Page 13 of 16

FILED DATE: 12/14/2021 5:17 PM 2021CH06227

71. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity:

72. Upon information and belief, Defendant mailed no less than 40 similar letters to consumers residing in the state of Illinois.

73. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

74. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

### B. Commonality and Predominance:

75. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality:

76. Plaintiff's claims are representative of the claims of other members of the Putative Class.

77. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D.   Superiority and Manageability:

78. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

79. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

80. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

81. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.   Adequate Representation:

82. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

83. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

84. Plaintiff has retained competent and experienced counsel with substantial experience in mortgage servicing litigation.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 14, 2021                     Respectfully submitted,

                                             **ALFONSO MARTEL**

                                             By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 65455

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 47671

Rusty A. Payton
PAYTON LEGAL GROUP LLC
4422 North Ravenswood Avenue
Chicago, Illinois 60640
+1 773-682-5210
info@payton.legal
Attorney No. 39459